UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:97CR-24-R-3

ROBERT LEE AGUON                                              MOVANT/PLAINTIFF

v.

UNITED STATES OF AMERICA                                  RESPONDENT/DEFENDANT

## MEMORANDUM AND ORDER

This matter is before the Court on Movant/Defendant Robert Lee Aguon's motion for relief filed pursuant to Federal Rule of Civil Procedure 60(b)(4) (DN 485). The United States filed a response (DN 486), and Aguon replied (DNs 488 & 493). For the reasons that follow, the Court will deny Aguon's motion.

## I.

Aguon challenges, not his Judgment and Commitment Order entered September 3, 1998, but this Court's March 20, 1998, Order granting his motion to withdraw his guilty plea.[1] He claims that "[a]lthough the Court did not find [his] proffered testimony credible and rejected [his] allegations of coercion, this Honorable Court still allowed [him] to withdraw his guilty plea." Aguon additionally advises that at the hearing, the Government stated that it did not believe he met his burden of providing a fair and just reason for withdraw of his plea. The Government, however, elected not to appeal the Court's decision to allow Aguon to withdraw his guilty plea, an appeal upon which the Government "undoubtedly would have prevailed" according to Aguon. Aguon, therefore, asserts that the Court's decision to allow him to withdraw his guilty plea was an abuse of discretion because he did not meet his burden of

---

[1]Aguon cites to March 17, 1998, but this is the date on which a hearing was held on the motion to withdraw guilty plea. The Order was actually entered March 20, 1998.

showing a "fair and just reason." Aguon concludes that because the Court "did not follow the law and acted outside its authority when it allowed [him] to withdraw his plea," that the March 20, 1998, Order should be rendered "void and all subsequent proceedings, orders and judgments are void ab initio."

## II.

Under Rule 60(b)(4), a court may relieve a party from a final judgment or order if "the judgment is void." Fed. R. Civ. P. 60(b)(4). Aguon is clear in both his Rule 60(b)(4) motion and reply that he is challenging, not his judgment of conviction and sentence, but this Court's criminal Order granting his motion to withdraw his guilty plea. Regardless of which judgment/order he is challenging, Rule 60(b) is inapplicable as it is a rule of *civil* procedure and not a rule of *criminal* procedure. *See United States v. Bender*, 96 F. App'x 344, 345 (6th Cir. 2004) ("Fed. R. Civ. P. 60(b) does not apply in criminal proceedings.") (citing *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003)).

Although Rule 60(b) cannot be used in a criminal proceeding, under certain circumstances it can be used to challenge a civil motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The record reveals that Aguon previously filed a § 2255 motion, which the Court denied by Order entered March 10, 2004. To the extent Aguon may be seeking to challenge by way of Rule 60(b)(4) this Court's denial of his § 2255 motion, the Court must first determine whether Aguon's Rule 60(b) motion is truly a Rule 60(b) motion for relief from judgment or, effectively, second or successive motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *See Gonzalez v. Crosby*, 545 U.S. 524 (2005). "A Rule 60(b) motion that attempts 'to add a new ground for relief' is effectively a motion to

2

vacate, set aside, or correct the sentence, and thus should be considered a § 2255 motion." *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (quoting *Gonzalez*, 545 U.S. at 532). Because Aguon is raising a new claim, his Rule 60(b) motion is effectively a § 2255 motion.

Before a second or successive § 2255 motion is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals. . . ."); *see also In re Hanserd*, 123 F.3d 922, 934 (6th Cir. 1997) ("[I]nmates who wish to file a second or successive motion to vacate sentence should first file a motion in [the Sixth Circuit] requesting permission under 28 U.S.C. §§ 2244, 2255"). Because Aguon has not obtained permission from the Sixth Circuit Court of Appeals to file a second or successive § 2255 motion in this Court, this Court will not construe his Rule 60(b) motion as a § 2255 motion.

Finally, the Court notes that Aguon mentions the writ of coram nobis in his Rule 60(b)(4) motion. Because Aguon is in custody, however, coram nobis relief is not available to him. *See United States v. Acosta*, 10 F. App'x 294, 296 (6th Cir. 2001) ("A prisoner in custody is barred from seeking a writ of error coram nobis.") (citing *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001)).

### III.

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Aguon's Rule 60(b)(4) motion for relief (DN 485) is **DENIED**.

Because the Court is satisfied that no jurists of reason would find its decision to deny the Rule 60(b)(4) motion to be debatable or wrong, *see* 28 U.S.C. § 2253(c)(1)(B), (c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000),

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is **DENIED**.

Date:

cc:   Movant/Defendant Robert Lee Aguon, *pro se*
      United States Attorney
4413.005

4